# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK MCINTOSH, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| GWINNETT COUNTY GA | :: | CIVIL ACTION NO. |
| SHERIFF'S DEPARTMENT; and | :: | 1:17-CV-0470-TWT-RGV |
| GEORGIA PERIMETER COLLEGE, | :: | |
|     Defendants. | :: | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Patrick McIntosh, presently confined in the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has filed this pro se civil rights action. [Doc. 1]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening and for consideration of plaintiff's request to proceed in forma pauperis, [Docs. 2; 6].[1] For the reasons that follow, it is **RECOMMENDED**

---

[1] Plaintiff's request to proceed in forma pauperis does not include (1) an authorization allowing his custodian to withdraw funds from his inmate account or (2) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account. [Docs. 2; 6]. Accordingly, the Court ordered plaintiff to either pay the fees or submit a properly completed financial affidavit, [Doc. 9], and, when plaintiff failed to respond to that order, the Court entered a second order directing him to show cause why this action should not be dismissed for failure to prosecute, [Doc. 10]. Plaintiff now responds that he did file both an authorization allowing his custodian to withdraw funds and a completed certificate regarding the current balance in his inmate account. [Doc. 11 at 1]. However, the docket does not

that this action be **DISMISSED** for failure to state a claim.  For the purpose of dismissal only, plaintiff's request to proceed in forma pauperis, [Docs. 2; 6], is hereby **GRANTED**.

## I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983").[2]  To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived

---

reflect that the Court has received a properly completed financial affidavit from plaintiff.

[2] Plaintiff also alleges that the Court has jurisdiction to hear this action under 28 U.S.C. § 1332, [Doc. 1 at 1], which requires complete diversity of citizenship, i.e., the adverse parties must be citizens of different states.  28 U.S.C. § 1332; see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") (citation omitted).  It is the plaintiff's burden to "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Plaintiff, who was imprisoned in Missouri at the time he filed this suit, "has not alleged that his domicile prior to incarceration was not in the State of Georgia, the domicile of the defendant[s]." See Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.").  Accordingly, plaintiff has not met his burden to show that this Court has jurisdiction under § 1332.  Id.  The Court further notes that plaintiff has not identified any causes of action that he seeks to assert pursuant to the Court's diversity jurisdiction, but only presents federal constitutional claims.  See [Doc. 1 at 3].

him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II.  DISCUSSION

Plaintiff brings this action against the Gwinnett County Sheriff's Department and Georgia Perimeter College.  [Doc. 1 at 1].  Plaintiff alleges that, in October of 2012, unidentified Gwinnett County Sheriff's deputies "illegally entered [his] hotel room . . . without [his] consent or special circumstances and illegally seized a shotgun and two pistols" and further "used excessive force and intimidation while falsely arresting [plaintiff]" and then refused to return the guns to plaintiff after he bonded out of jail.  [Id. at 3].  Plaintiff also asserts that, later that month, he "was kicked out of Georgia Perimeter College for wearing a swastika shirt and petitioning to use the free speech zone." [Id.].  Plaintiff maintains that defendants violated his constitutional rights.  [Id.].  Plaintiff seeks monetary relief.  [Id. at 4].

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  The Gwinnett County Sheriff's Department and Georgia Perimeter College are not legal entities subject to suit under § 1983.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Cooper v. Georgia Gwinnett College, No. 1:16-CV-01177-TWT-JFK, 2016 WL 6246888, at

*4 (N.D. Ga. Sept. 16, 2016), report and recommendation adopted, 2016 WL 6217124, at *1 (N. D. Ga. Oct. 25, 2016). Furthermore, Georgia Perimeter College is entitled to sovereign immunity from plaintiff's § 1983 claims. Cooper, 2016 WL 6246888, at *5. Thus, this action is due to be dismissed because plaintiff has failed to state a claim against the only named defendants.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED** for failure to state a claim.

For the purpose of dismissal only, plaintiff's request to proceed in forma pauperis, [Docs. 2; 6], is hereby **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 3rd day of APRIL, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE